UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DONTRELL HENDERSON | Case No. 1:20-cr-00045-JPH-DLP-1<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cr-00045-JPH-DLP ) |
| DONTRELL HENDERSON, | ) -01 ) |
| Defendant. | ) |

**ORDER**

Defendant Dontrell Henderson seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Henderson's motion is **denied**.

**I. Background**

In December 2020, Mr. Henderson pled guilty to one count of possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (count 2), one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (count 3), and one count of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (count 4). Dkts. 29, 30. The Court sentenced Mr. Henderson to 1 day of imprisonment on each of counts 2 and 3, served concurrently; and 60 months of imprisonment on count 4, served consecutive to counts 2 and 3, for a total of 60 months and 1 day of imprisonment. The Court also imposed 3 years of supervised release.

Mr. Henderson filed his motion for compassionate release pro se. Dkt. 32. In his submission, Mr. Henderson argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 again due to his underlying medical conditions (high blood pressure, obesity, sickle cell anemia, sleep apnea, bronchitis) and because the pandemic has made the time he has served thus far much more difficult than anticipated.

2

Dkt. 32. The Court required Mr. Henderson to show cause why his motion should not be denied in light of recent Seventh Circuit decisions, dkt. 33, and Mr. Henderson responded, dkt. 34. The Court has concluded that it can resolve the motion with a response from the United States.

**II. Discussion**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Henderson's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical condition—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Henderson is fully vaccinated, dkt. 34-1, and he has presented no

evidence that he is unable to receive or benefit from the vaccine.[1] Additionally, Mr. Henderson "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *see also United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). As a result, Mr. Henderson has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Similarly, Mr. Henderson's general complaints about COVID-19 related lockdowns and lack of programming are not extraordinary and compelling reasons to release him. All inmates throughout the country were subjected to COVID-19 lockdowns and resulting limitations on programming. Mr. Henderson has not shown that his situation is extraordinary as compared to other inmates. Such allegations might form the basis for relief in a civil suit filed in Mr. Henderson's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o

---

[1] Mr. Henderson raises concerns about the vaccines' effectiveness against the Omicron variant and states that as of January 2022, he was not yet eligible to receive a booster because his second vaccine dose had been given too recently. Dkt. 34 at 2. Mr. Henderson has likely already had his third dose of the vaccine at this juncture thereby alleviating his concerns. Even if not, the Court notes that though vaccinated individuals may become infected with COVID-19 due to variants, the vaccines are still providing significant protection against severe illness, which is the Court's focus in a compassionate release motion. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Sept. 26, 2022) ("COVID-19 vaccines used in the United States continue to protect against severe disease, hospitalization, and death from known circulating variants. They may not be as effective in preventing *infection* from these variants") (emphasis added).

4

the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle") (cleaned up).

Finally, to the extent Mr. Henderson intended to raise any lingering COVID-19 symptoms as a separate extraordinary and compelling reason to release him, the Court is unpersuaded. Mr. Henderson does not argue that he is incapacitated or otherwise unable to engage in self-care. Additionally, if Mr. Henderson has an issue regarding the lack of treatment for his sleep apnea, his remedy is a civil complaint, not a compassionate release motion. *Id.* The Court does not find that either of these reasons, whether considered alone or with any other factors, constitutes an extraordinary and compelling reason to grant Mr. Henderson compassionate release.

Given the determination that Mr. Henderson has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Henderson's motion for compassionate release, dkt. [32], is **denied.**

**SO ORDERED.**

Date: 9/27/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution to:

All Electronically Registered Counsel

Dontrell Henderson
Register Number: 17486-028
FCI Allenwood Low
Federal Correctional Institution
P.O. Box 1000
White Deer, PA  17887